UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JANE DOE,

        Plaintiff,

                 1:19-CV-1121
   v.              (GLS/DJS)

JOHN SMITH,

        Defendant.
_____

**APPEARANCES:**        **OF COUNSEL:**

NESENOFF & MILTENBERG, LLP  ANDREW MILTENBERG, ESQ.
Counsel for Plaintiff        GABRIELLE M. VINCI, ESQ.
363 Seventh Avenue – 5th Floor   STUART BERNSTEIN, ESQ.
New York, New York 10001

PARISI, COAN, & ASSOCIATES, PLLC PATRICK SACCOCIO, ESQ.
Counsel for Defendant
376 Broadway
Schenectady, New York 12305

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

   This is an action for sexual assault, intentional infliction of emotional distress, and negligent infliction of emotional distress. Dkt. No. 1, Compl. The Complaint alleges that at the time of the events in question, Plaintiff and Defendant were both college students. *Id.* at ¶¶ 8 & 23. Presently before the Court is Plaintiff's Motion to Proceed under the Pseudonym "Jane Doe." Dkt. No. 4. At the Rule 16 conference in this case, Defendant's

- 1 -

counsel indicated he did not oppose the request. For the reasons that follow, the Motion is granted.

Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of the complaint must name all the parties." FED. R. CIV. P. 10(a). "A party seeking to proceed under pseudonym bears a heavy burden, and will only be allowed to do so if private interests outweigh the countervailing public interest in full disclosure." *Doe v. Colgate Univ.*, 2016 WL 1448829, at *2 (N.D.N.Y. Apr. 12, 2016). The Second Circuit has provided a non-exhaustive list of factors to consider in balancing a plaintiff's interest in anonymity against the public interest in disclosure and any prejudice to defendants. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-190 (2d Cir. 2008). Those factors are as follow:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (internal quotation marks and citations omitted). Application of these factors to the particular facts of a case "is left to the sound discretion of the district court." *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, 2012 WL 5899331, at *4 (S.D.N.Y. Nov. 26, 2012) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d at 190).

As to the first factor, the lawsuit will necessarily detail sexual encounters. As previously indicated by Magistrate Judge David E. Peebles "[c]ourts are divided [ ] over whether allegations of sexual assault or misconduct [ ] involve highly sensitive and personal matters." *Doe #1 v. Syracuse Univ.*, 2018 WL 7079489, at *4 (N.D.N.Y. Sept. 10, 2018). A number of courts, however, have concluded that such matters are highly sensitive and personal. *Doe v. Colgate Univ.*, 2016 WL 1448829, at *3 (collecting cases). This case will likely require a detailed discussion of the particular sexual encounter alleged in the Complaint. The Court finds that necessary discussion weighs in favor of granting Plaintiff's request.

Plaintiff makes no argument that if her name is released she would be subjected to retaliation and so the second factor weighs against granting Plaintiff's request.

As to the third factor, there is a risk of additional harm that weighs in Plaintiff's favor. Other decisions have noted that "cases stemming from investigations of sexual abuse on college and university campuses have garnered significant media attention, posing the risk of further reputational harm to both the plaintiffs in these cases and their accusers." *Doe v. Colgate Univ.*, 2016 WL 1448829, at *2. In *Doe* the Court determined that "protecting the anonymity of sexual assault victims and those accused of committing

sexual assault can be an important safeguard to ensure that the due process rights of all parties are protected." *Id.*

As for the fourth factor, Plaintiff is not a minor "who has had no say in deciding whether or not to proceed with this litigation. Even though [she is] still in [her] formative years, plaintiff [is an] adult college student[] who availed [herself] to the courts by filing this suit." *Doe #1 v. Syracuse Univ.*, 2018 WL 7079489, at *6. As such, this factor does not weigh in favor of Plaintiff's anonymity. The fifth factor also does not favor Plaintiff. "When a lawsuit challenges governmental actions, actors, or policies, the plaintiff has a strong interest in proceeding anonymously." *Id.* (citing *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) and *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006)). This action between private parties does not bring about the considerations that would be applicable in a suit against government entities.

Moving to the sixth factor, Defendant consents to Plaintiff proceeding under a pseudonym, and the Court does not identify any particular prejudice that would inure to Defendant should Plaintiff be permitted to proceed anonymously. Defendant knows Plaintiff's identity, and so his ability to conduct discovery will not be impeded, and will only practically be inconvenienced by having to take measures to avoid disclosing Plaintiff's identity publicly. *Doe #1 v. Syracuse Univ.*, 2018 WL 7079489, at *7-8 (citing *Doe v. Colgate Univ.*, 2016 WL 1448829, at *3 and *Doe No. 2 v. Kolko,* 242 F.R.D. at 198).

As to the maintenance of confidentiality, Plaintiff's anonymity has been maintained thus far. As such, Plaintiff's request is not undercut by her identity already

- 4 -

having been publicly disclosed. The eighth and ninth factors deal with the public's interest in disclosure. The public's interest in the litigation is significant: there has been widespread public interest in the issue of campus sexual assault, and "the public has a legitimate interest in knowing the facts involved in [lawsuits]. Among those facts is the identity of the parties." *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) (internal quotation marks omitted) (citations omitted). But, unlike other lawsuits involving campus sexual assault, the college is not a party to this particular litigation, and so matters that may be of greater public interest, for example, how colleges handle such cases, will not be at issue here. *See Doe #1 v. Syracuse Univ.*, 2018 WL 7079489, at *9 (finding questions of "university culture, issues that extend beyond matters that are of a purely legal nature" to be factors weighing in favor of public identification). Finally, as to the tenth factor, the Court sees no alternative manner of protecting Plaintiff's identity. *Doe #1 v. Syracuse Univ.*, 2018 WL 7079489, at *9; *Doe v. Univ. of Connecticut*, 2013 WL 4504299, at *28 (D. Conn. Aug. 22, 2013).

The Court determines that, while the public has a strong interest in having access to Plaintiff's identity, the concerns particularly regarding the sensitive nature of the lawsuit and the limited private nature of the particular litigation outweigh the public's interest. The Court therefore exercises its discretion and permits Plaintiff to proceed in this action under the pseudonym "Jane Doe."[1]

---

[1] Defendant was sued in this action under a pseudonym as well. Compl., p. 1. n. 2. For the reasons set forth above, the Court also approves permitting Defendant to proceed under this pseudonym.

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's request to proceed under pseudonym is **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

Dated: November 27, 2019
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge